UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 21-10138-MER |
| | ) | |
| ASHLEY MICHELE RIGGS | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |
| _____ | ) | |
| | ) | |
| PROSPECTOR'S POINT | ) | |
| CONDOMINIMUM ASSOCIATION. | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| ASHLEY MICHELE RIGGS | ) | |
| and | ) | |
| ADAM M. GOODMAN, CHAPTER 13 | ) | |
| TRUSTEE | ) | |
| | ) | |
| Respondents. | ) | |

**OBJECTION TO MOVANT PROSPECTOR'S POINT CONDOMINIUM ASSOCIATION'S MOTION TO DISMISS BANKRUPTCY**

Ashley Michele Riggs, ("Debtor"), through undersigned counsel, hereby respectfully submits to the United States Bankruptcy Court for the District of Colorado ("Court") this Objection to the Motion ("the Motion") to Dismiss Bankruptcy filed by Prospector's Point Condominium Association ("Movant"), as follows:

**RESPONSE TO MOTION**

1. Debtor admits the allegations of Paragraphs 1-5 and 7 of the Motion.

2. Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegations listed in Paragraphs 6 of the Motion at least insofar as whether the Debtor deliberately chose to withhold payments or rather simply did not have sufficient funds to make the timely payments.

## DEFENSES TO MOTION

3. Debtor is a Medical Assistant at Kaiser Permanente and an essential worker. Debtor has had one of the most trying and exhausting periods of her career over the last two years with next to no additional compensation or reward for the added complications and difficulties in her work conditions.

4. Debtor is also a single parent mother receiving no child support and initially considered selling the property upon receipt of a Motion for Relief by her first servicer filed last month now resolved. However, as there are considerable barriers to her ability to find another suitable property for rent following any sale, this route does not seem feasible at this time without any fallback options.

5. In the alternate, since the aforementioned Motion for Relief's filing, Debtor "who has a 100% Plan accounting for all timely filed Proof of Claims as is" has obtained a part-time second job on nights and weekends which should provide enough income for her to remain current on her other obligations and she has caught up with her first mortgage payments with the additional income. Her hope was that no Motion would be filed by the HOA for a couple of weeks so she could catch up there with income from the second job after sending in her January payment to her first mortgage servicer.

6. Debtor hopes some sort of resolution can be reached with Movant.

7. WHEREFORE, Debtor objects to Movant's Motion to Dismiss Bankruptcy pursuant to 11 U.S.C. §1307 and requests that this matter be dismissed or proceed to hearing.

Dated:  January 20, 2022              By: (/s) *Richard E Masana*
                                      Richard E. Masana, #54014

                                      Counsel for Debtor Ashley Michele Riggs

                                      Masana Bankruptcy Law
                                      3135 W 22nd Ave #2
                                      Denver, CO 80211
                                      720-450-1973
                                      rich@masanabankruptcylaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this **Objection to Movant Prospector's Point Condominium Association's Motion to Dismiss Bankruptcy** was served by ECF filing and/or by U.S. Mail this **January 20, 2022** to the following:

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294
via CM/ECF

Adam M Goodman
Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201
via CM/ECF

Ashley Michele Riggs
8685 Clay Street #201
Westminster, CO 80031
via U.S. Mail

Tammy Alcock
19751 E. Mainstreet, Suite 225
Parker, Colorado 80138
Via CM/ECF

/S/ *Richard E. Masana*